Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
Attorneys for Plaintiff,
*Patricia Martin*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA MARTIN,<br><br>           Plaintiff,<br><br>      v.<br><br>TARGET CARD SERVICES,<br><br>           Defendant. | Case No.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>   1. TCPA, 47 U.S.C. § 227<br>   2. RFDCPA, Cal. Civ. Code § 1788<br><br>(Unlawful Debt Collection Practices) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Patricia Martin ("Plaintiff"), through her attorneys, alleges the following against Defendant, Target Card Services ("Target"), ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Palmdale, Los Angeles County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h).*

8. Defendant is engaged in the business of providing credit cards through its retail stores, TARGET.

9. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c).

10. Defendant, Target, is Minnesota corporation that engages in business in California. Defendant can be served with process through its agent, CT Corporation System, at 818 West 7th Street, Los Angeles, California, 90017.

11. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant is attempting to collect a debt from Plaintiff.

13. In or around August 2016, Plaintiff began receiving calls on her cellular telephone; (XXX) XXX-3808.

14. Defendant called from the following number: (612) 815-5881.

15. Upon information and belief, this number is owned or operated by Defendant.

16. On or about August 30, 2016, at 6:10 p.m., Plaintiff received a call from Defendant, Plaintiff spoke with a representative.

17. Defendant's representative informed Plaintiff that it was attempting to collect a debt.

18. During the call, Plaintiff asked for calls to her cell phone to cease. Despite her request, Plaintiff continued to receive call on her cellular phone.

19. Following Plaintiff's request for all calls to cease, Defendant continued to call Plaintiff through March of 2017 almost daily.

20. Following Plaintiff's request for all calls to cease, Defendant contacted Plaintiff approximately Seventy-five (75) times.

21. Some of the calls were automated with no live person on the line when Plaintiff would answer.

22. In some instances, the voicemail would not include a message at all, just silence indicating the use of automated equipment placing the call.

23. Plaintiff has endured increasingly high levels of stress due to these calls as it impacted her employment.

24. Plaintiff currently works two jobs; at Domino's Pizza and as an Uber driver and uses her cellular phone while on the job.

25. Due to Defendant's incessant calls, Plaintiff has received complaints related to phone calls from Defendant while making deliveries.

26. Defendant's phone calls have routinely interrupted Plaintiff while utilizing her navigation system on her Uber trips; at times, this caused Plaintiff to miss turns or stops causing her to back track.

27. Defendant's conduct induced stress, anxiety and embarrassment in her place of work.

## COUNT I

**(Violations of the TCPA, 47 U.S.C. § 227)**

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States

> . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

30. Defendant's acts, as described above, were done willfully in violation of the TCPA.

31. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violations of the Rosenthal Fair Debt
Collection Practices Act, Cal. Civ. Code § 1788)**

32. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

33. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

        ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

        iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

34. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

Case 2:17-cv-05372-PA-MRW   Document 1   Filed 07/20/17   Page 7 of 7   Page ID #:7

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Patricia Martin, respectfully requests judgment be entered against Defendant, Target Card Services, for the following:

A. Declaratory judgment that Defendant violated the RFDCPA;

B. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

C. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

D. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: July 20, 2017

By:*/s/ Stuart Price*
Stuart Price, Esq.
15760 Ventura Blvd., Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
Attorneys for Plaintiff,
*Patricia Martin*